Daniel Feinberg – CA State Bar No. 135983
dfeinberg@lewisfeinberg.com
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA 94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE SIROTT, | ) |
| Plaintiff, | ) Case No. C 07-04870 PJH |
| vs. | ) **COMPLAINT** |
| THE PERMANENTE MEDICAL GROUP LONG TERM DISABILITY PLAN, | ) |
| Defendant. | ) |

## JURISDICTION

1. Plaintiff brings this action for declaratory, injunctive, and monetary relief pursuant to § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

## VENUE

2. Venue lies in Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because Plaintiff resides in this District, the Plan is administered in part in this District, and some of the breaches alleged occurred in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this District.

## INTRADISTRICT ASSIGNMENT

3. This action arises in Alameda County since the Defendant The Permanente

Medical Group Long-Term Disability Plan ("the Plan") may be found, the Plan is administered in part, Plaintiff resides, and some of the breaches alleged occurred in Alameda County.

## PARTIES

4. At all relevant times, Plaintiff Lawrence Sirott ("Dr. Sirott" or "Plaintiff") was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in Defendant The Permanente Medical Group Long Term Disability Plan. Plaintiff resides in Berkeley, California.

5. At all relevant times, the Plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), sponsored by The Permanente Medical Group ("TPMG"), and administered in part in Oakland, California. At all relevant times, the Plan offered, *inter alia*, long-term disability benefits to employees, including Plaintiff, through an insurance policy issued by Life Insurance Company of North America ("LINA").

## FACTS

6. Dr. Sirott worked for The Permanente Medical Group as an adult internal medicine physician in Oakland, California. This position that requires working at a rapid pace, mental acuity, manual dexterity, physical endurance, interpersonal skills, prolonged concentration, as well as rapid recall of large amounts of information.

7. Plaintiff began developing symptoms related to Parkinson's disease in early 2004. Dr. Sirott's illness was originally mistakenly diagnosed as depression. In December 2004, Dr. Sirott voluntarily decreased his work schedule to 80% as a way of coping with his symptoms. In April 2006, Dr. Sirott discovered that his depressive symptoms and cognitive impairment were caused by underlying Parkinson's disease when he received a correct diagnosis from his neurologist. The primary symptoms of Dr. Sirott's Parkinson's disease include bradykinesia (slowness of movement), mental and physical slowing, hand tremor which is aggravated by stress, masked facies (decreased facial expression), a weakening of his voice, and cognitive and memory problems.

8. Under the terms of the Plan, Dr. Sirott is disabled if he is "unable to perform all the material duties of [his] regular occupation."

9. Plaintiff's Parkinson's disease symptoms prevent him from performing all the

material duties of his regular occupation.

10. Dr. Sirott's tremor and bradykinesia severely impaired his dexterity, preventing him from performing competently even simple, routine job tasks, such as conducting physical exams. Dr. Sirott's mental and physical slowing make it impossible for him to meet the fast-paced demands facing an Adult Internal Medicine physician at Kaiser Permanente. His short-term memory loss posed a danger in diagnosing patients and writing prescriptions. Dr. Sirott's decreased facial expression combined with physical and cognitive slowness made it impossible for him to quickly and effectively interact with patients. His competence in a clinical setting and ability to inspire confidence in patients have been compromised by his Parkinson's disease symptoms. In short, Dr. Sirott's disability makes it impossible for him to perform the material duties of his occupation.

11. Two TPMG physicians have certified that Dr. Sirott is disabled from his occupation.

12. Dr. Sirott filed a claim for disability benefits in September 2006. CIGNA Group Insurance (CIGNA) denied Dr. Sirott's LTD claim by letter dated February 20, 2007.

13. By letters dated August 16 and August 23, 2007, Dr. Sirott requested a review of the claim denial. Dr. Sirott submitted additional medical reports, a Work Tolerance Screening (WTS) and Functional Capacity Evaluation (FCE), a neuropsychological evaluation report, and other evidence of his disability.

14. By letters dated August 24 and 30, 2007, CIGNA denied Dr. Sirott's request for review. Upon information and belief, CIGNA did not obtain any independent medical review of Plaintiff's medical evidence or neuropsychological evaluation report.

15. CIGNA failed to consider the material duties of Dr. Sirott's occupation in evaluating his claim for disability benefits.

16. CIGNA retained Allsup, Inc., to represent Dr. Sirott in his claim for Social Security Disability Insurance (SSDI) benefits. CIGNA's vendor, Allsup, Inc., used much of the same medical evidence that Dr. Sirott relies on in his LTD claim in representing Dr. Sirott in his SSDI claim. On April 27, 2007, the Social Security Administration granted Dr. Sirott's claim for

SSDI benefits, finding that Dr. Sirott was totally disabled from any substantial gainful work which exists in the national economy. Nevertheless, CIGNA contends that Dr. Sirott is not disabled from performing the material duties of his own occupation.

17. At all relevant times from December 2004 to the present, Plaintiff has been disabled within the meaning of the Plan.

18. Plaintiff remains disabled and is entitled to benefits under the terms of the Plan.

19. Plaintiff has exhausted his administrative remedies.

## FIRST CLAIM FOR RELIEF

### [Claim for Benefits Pursuant to ERISA § 502(a)(1)(B)]

20. Plaintiff incorporates Paragraphs 1-19 as though fully set forth herein.

21. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a participant of a plan to bring a civil action to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, and/or to clarify his rights to future benefits under the terms of the plan.

22. Plaintiff is disabled under the terms of the Plan. By failing to pay Plaintiff's long-term disability benefit payments and by refusing to restore said benefits, Defendant has violated, and continues to violate, the terms of the Plan and Plaintiff's rights thereunder. Plaintiff is entitled to recover the benefits due him under the Plan.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays the Court to enter judgment against Defendant as follows:

A. Declare that Defendant violated the terms of the Plan and Plaintiff's rights thereunder by failing to pay Plaintiff's long-term disability benefits;

B. Order Defendant to pay Plaintiff's long-term disability benefits pursuant to the terms of the Plan from December 2004, through the date judgment is entered herein, together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;

C. Declare Plaintiff's right to receive future long-term disability benefit payments

1 under the terms of the Plan;

2 D. Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein

3 pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); and

4 E. Provide such other relief as the Court deems equitable and just.

6 Dated: September 20, 2007                    Respectfully submitted,

7                                               LEWIS, FEINBERG, LEE
                                                RENAKER & JACKSON, P.C.
8
                                          By:  _____
9                                               Daniel Feinberg
                                                Attorneys for Plaintiff

16 [S:\Cases\Sirott, L 06-41\complaint.ECF.wpd]