SEAN P. NALTY (SBN 121253)
**WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP**
525 Market Street, 17th Floor
San Francisco, California 94105
Telephone:   (415) 433-0990
Facsimile:   (415) 434-1370

Attorneys for Defendant
THE PERMANENTE MEDICAL GROUP
LONG TERM DISABILITY PLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE SIROTT, | Case No.: C 07-04870 PJH |
| Plaintiff, | **DEFENDANT THE PERMANENTE MEDICAL GROUP LONG TERM DISABILITY PLAN'S ANSWER TO COMPLAINT** |
| vs. | |
| THE PERMANENTE MEDICAL GROUP LONG TERM DISABILITY PLAN, | |
| Defendant. | |

Defendant The Permanente Medical Group Long Term Disability Plan ("Defendant" or "the Plan") hereby answers the Complaint ("the Complaint") filed by Plaintiff Lawrence Sirott ("Plaintiff") as follows:

**JURISDICTION**

1.   Answering the allegations in paragraph 1 of the Complaint, Defendant admits that this matter is governed by the Employee Retirement Income Security Act of 1974 ("ERISA") and that this Court has subject matter jurisdiction pursuant to ERISA. Except as so admitted, Defendant denies the remaining allegations in paragraph 1 of the Complaint.

**VENUE**

2.   Answering the allegations in paragraph 2 of the Complaint, Defendant admits that venue is proper in the United States District Court for the Northern District of California. Except as so admitted, Defendant denies the remaining allegations in this paragraph.

## INTRADISTRICT ASSIGNMENT

3. Answering the allegations in paragraph 3 of the Complaint, Defendant admits that this matter is properly assigned to the San Francisco Branch of the United States District Court for the Northern District of California.

## PARTIES

4. Answering the allegations in paragraph 4 of the Complaint, Defendant admits that Plaintiff is a participant in the Plan. Documents in the Administrative Record that is the subject of this action ("the Administrative Record") indicate that Plaintiff lives in Berkeley, California. Except as so admitted and so stated, Defendant denies the allegations in paragraph 4 of the Complaint.

5. Answering the allegations in paragraph 5 of the Complaint, Defendant admits that Plaintiff was a participant in the Plan at the time he submitted his claim for disability benefits that is the subject of this action. Defendant further admits that Life Insurance Company of North America ("LINA") issued a group disability insurance policy which provided disability insurance coverage to participants in the Plan. Except as so admitted, Defendant denies the allegations in paragraph 5 of the Complaint.

## FACTS

6. Answering the allegations in paragraph 6 of the Complaint, Defendant admits that currently, Plaintiff qualifies for disability insurance benefits under the Policy and currently is receiving disability benefits under the Policy. Except as so stated, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, and on this basis, denies the allegations in this paragraph.

7. Answering the allegations in paragraph 7 of the Complaint, Defendant admits that currently, Plaintiff qualifies for disability insurance benefits under the Policy and currently is receiving disability benefits under the Policy. Defendants denies that Plaintiff qualified for benefits under the Policy in December 2004 or in April 2006. Except as admitted and denied, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and on this basis, denies the allegations in this paragraph.

1  8. Answering the allegations in paragraph 8 of the Complaint, Defendant admits that currently, Plaintiff qualifies for disability insurance benefits under the Policy and currently is receiving disability benefits under the Policy. Defendant further admits that the terms of the Policy speak for themselves and must be read in their entirety.

9. Answering the allegations in paragraph 9 of the Complaint, Defendant admits that currently, Plaintiff qualifies for disability insurance benefits under the Policy and currently is receiving disability benefits under the Policy. Except as so stated, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and on this basis, denies the allegations in this paragraph

10. Answering the allegations in paragraph 10 of the Complaint, Defendant admits that currently, Plaintiff qualifies for disability insurance benefits under the Policy and currently is receiving disability benefits under the Policy. Except as so stated, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and on this basis, denies the allegations in this paragraph.

11. Answering the allegations in paragraph 11 of the Complaint, Defendant admits that currently, Plaintiff qualifies for disability insurance benefits under the Policy and currently is receiving disability benefits under the Policy. Except as so stated, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and on this basis, denies the allegations in this paragraph.

12. In answering the allegations in paragraph 12 of the Complaint, Defendant admits that Plaintiff submitted to LINA a claim for disability benefits in September 2006 and that LINA denied Plaintiff's LTD claim by letter dated February 20, 2007. Except as so admitted, Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant admits the allegations in pargraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Answering the allegations in paragraph 16 of the Complaint, Defendant admits that LINA referred Plaintiff to Allsup, Inc. to assist Plaintiff on his claim for Social Security Disability

Insurance ("SSDI") benefits. Except as so stated, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16, and on this basis, denies the remaining allegations in this paragraph.

17. Answering the allegations in paragraph 17 of the Complaint, Defendant admits that currently, Plaintiff qualifies for disability insurance benefits under the Policy and currently is receiving disability benefits under the Policy. Except as so admitted, Defendant denies the allegations in paragraph 17 of the Complaint.

18. Answering the allegations in paragraph 18 of the Complaint, Defendant admits that currently, Plaintiff qualifies for disability insurance benefits under the Policy and currently is receiving disability benefits under the Policy. Except as so admitted, Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegation in paragraph 19 of the Complaint.

## FIRST CLAIM FOR RELIEF
### [Claim for Benefits Pursuant to ERISA § 502(a)(1)(B)]

20. Answering the allegations in paragraph 20 of the Complaint, Defendant incorporates by reference, as if they were fully set forth below, its response to paragraphs 1 through 19 of the Complaint.

21. Answering the allegations in paragraph 21 of the Complaint, Defendant admits that ERISA provides standing to plan participants, such as Plaintiff, to pursue civil actions under the specific circumstances specified under ERISA. Except as so stated, Defendant denies the allegations in paragraph 21 of the Complaint.

22. Answering the allegations in paragraph 22 of the Complaint, Defendant admits that currently, Plaintiff qualifies for disability insurance benefits under the Policy and currently is receiving disability benefits under the Policy. Except as so admitted, Defendant denies the allegations in paragraph 22 of the Complaint.

//
//
//

## AFFIRMATIVE DEFENSES

1.  As a first affirmative defense, Defendant alleges that Plaintiff has failed to state a claim for relief against Defendant.

2.  As a second affirmative defense, Defendant alleges that Plaintiff has not exhausted his administrative remedies and therefore his complaint in this matter must be dismissed.

3.  As a third affirmative defense, Defendant alleges that if it is determined that Plaintiff is entitled to benefits beyond the benefits that are being paid to him and have been paid to him, Defendant alleges that the amount owed to Plaintiff must be reduced by the amount in benefits/income received by Plaintiff from those sources of income and or benefits specified in the Policy. This includes, but not limited to, benefits received from Social Security, California State Disability, Worker's Compensation, and or any other benefit specified in the Policy.

4.  As a fourth affirmative defense, Defendant alleges that Life Insurance Company of North America ("LINA"), as Claims Administrator, has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits. The decision of the Claims Administrator shall not be overturned unless arbitrary and capricious. LINA did not act in an arbitrary and capricious fashion in making the claim decisions that are the subject of this action.

WHEREFORE, Defendant prays for judgment in its favor as follows:

1.  That Plaintiff takes nothing by reason of the Complaint on file herein;

2.  That Defendant be awarded its costs and expenses incurred in this action;

3.  That Defendant be awarded their attorneys' fees incurred in this action; and

4.  That Defendant recovers such other relief as the Court may deem just and proper.

Dated: December 4, 2007         WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____/s/ Sean P. Nalty_____
SEAN P. NALTY
Attorneys for Defendant
THE PERMANENTE MEDICAL GROUP
LONG TERM DISABILITY PLAN

---

Defendant The Permanente Medical Group Long Term Disability Plan's Answer to Complaint
314446.1                                                                    Case No. C 07-04870 PJH